**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AIR MASTERS, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 25-CV-0629-CVE-SH |
| | ) |
| CULLOR DEVELOPMENT, LLC, | ) |
| WEST 7TH APARTMENTS, LLC, | ) |
| APARTMENTVESTORS HOTEL | ) |
| FUND, LLC, and APARTMENTVESTORS | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court are Defendants, Apartmentvestors Hotel Fund, LLC's and Apartmentvestors Management, LLC's Motion to Dismiss with Brief in Support (Dkt. # 7) and Defendant, West 7th Apartments, LLC's Motion to Dismiss with Brief in Support (Dkt. # 8). All defendants, except for Cullor Development, LLC (Cullor), claim that they had no contractual relationship with plaintiff Air Masters, Inc. (Air Masters), and they ask the Court to dismiss plaintiff's claims against them.

Air Masters filed this case alleging that it entered a contract with defendants for the performance of HVAC work at a construction project in Tulsa, Oklahoma. Dkt. # 2-1, at 1-2. Air Masters is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Id. at 1. In February 2024, Air Masters executed a master subcontract agreement (MSA) that would govern future work requested for the construction project, and the MSA identified Cullor, West 7th Apartments, LLC, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC as the "Owners" responsible for issuing work orders under the MSA. Dkt. # 7-1, at 1. The MSA

contains a mandatory forum selection clause stating that "[a]ll actions between the parties related in whole or in part to his MSA shall be brought exclusively in the District Court of Johnson County, Kansas and Contractor hereby submits to jurisdiction in such court." Id. at 8.

Air Masters began performing HVAC services pursuant to a work order, but defendants allegedly terminated the MSA and work order in April 2025. Dkt. # 2-1, at 2. Air Masters sought payment for the work it had already performed and sent defendants an invoice in the amount of $199,511 for work and materials provided pursuant to the MSA and the work order. Id. Air Masters filed this case in Tulsa County District Court alleging claims of breach of contract and quantum meruit against Cullor, West 7th Apartments, LLC, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC. The petition alleges that Cullor, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC are citizens of Kansas, and West 7th Apartments, LLC is a citizen of Oklahoma. Defendants removed the case to this Court on the basis of diversity jurisdiction, even though there is not complete diversity between Air Masters and defendants. The notice of removal (Dkt. # 2) refers to West 7th Apartments, LLC, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC as the "fraudulently joined defendants," because these entities allegedly did not authorize the issuance of a work order to Air Masters for services under the MSA. Dkt. # 2, at 3-5.

The Court has reviewed plaintiff's petition and the notice of removal, and it appears that the Court may lack subject matter jurisdiction over this case. Defendants removed this case to federal court on the basis of diversity jurisdiction, even though there appears to be no dispute that West 7th Apartments, LLC is a citizen of Oklahoma. Plaintiff is also a citizen of Oklahoma, and complete diversity of citizenship is lacking if West 7th Apartments, LLC was properly named as a defendant.

2

Defendants West 7th Apartments, LLC, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC have filed motions to dismiss, but it would be premature to consider the motions until the Court has established that it has subject matter jurisdiction over this case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the

"plaintiff must meet the requirements of the diversity statute for *each* defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original). The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional factual allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. DeSmet v. CSAA Ins. Exch., 2019 WL 7284769, *2 (N.D. Okla. Dec. 27, 2019) (citing Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'" Asbury v. N. Star Mut. Ins. Co., 2015 WL 588607,

*1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate Indem., 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000)).  "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[1]  "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."  Id.  Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."  Smoot, 378 F.2d at 882.

Defendants have filed motions to dismiss based on the Twombly/Iqbal standard, but this standard is not used to determine whether a party has been fraudulently joined for the purpose of defeating diversity jurisdiction.  Hargraves v. Church of Jesus Christ of Latter-Day Saints, 2024 WL 5040926, *2 (N.D. Okla. Dec. 9, 2024); Bellman v. NXP Semiconductors, USA, Inc., 248 F.Supp.3d 1080, 1133 (D.N.M. 2017).  The Court will consider whether Air Masters has any possibility of recovery against the non-diverse defendant, West 7th Apartments, LLC, and not whether Air Masters has stated a plausible claim that survives a motion under Rule 12(b)(6).  Shue v. High Pressure Transports, LLC, 2010 WL 4824560 (N.D. Okla. Nov. 22, 2010).

The Court finds that Air Masters easily satisfies this standard, and Air Masters has some possibility of recovery against each of the defendants named in the petition.  The MSA plainly identifies the "owner" authorized to request Air Masters to perform work pursuant a work order as

---

[1]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

"Cullor Development, LLC, West 7th Apartments, LLC, ApartmentVestors Hotel Fund, LLC, and ApartmentVestors Management, LLC." Even if defendants chose to have Cullor issue a work order, there are potentially binding contractual rights and obligations owed to Air Masters by all of the owners identified in the MSA. Defendants contend that Cullor was solely responsible for issuing the lone work order giving rise to plaintiff's claims, and they argue that Air Masters and Cullor are the only parties with a contractual relationship. Dkt. # 7, at 7; Dkt. # 8, at 5. However, Air Masters has shown that it has some possibility of recovery against the defendants named in its state court petition, and the Court does not find that West 7th Apartments, LLC was fraudulently joined as a defendant. Therefore, the parties are not completely diverse and the Court lacks subject matter jurisdiction over this case. The case will be remanded to Tulsa County District Court and the motions to dismiss will remain pending .

**IT IS THEREFORE ORDERED** that this case is **remanded** to Tulsa County District Court for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss (Dkt. ## 7, 8) remain pending.

**DATED** this 18th day of March, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE