**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AIR MASTERS, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0629-CVE-SH** |
| | ) | |
| CULLOR DEVELOPMENT, LLC, | ) | |
| WEST 7TH APARTMENTS, LLC, | ) | |
| APARTMENTVESTORS HOTEL | ) | |
| FUND, LLC, and APARTMENTVESTORS | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Now before the Court is defendants' motion to reconsider and alter or vacate the court's order incorrectly remanding this case (Dkt. # 34). The Court previously entered an opinion and order (Dkt. # 32) remanding this case to state court for lack of subject matter jurisdiction. Defendants argue that there is complete diversity among the parties and the Court incorrectly determined that subject matter jurisdiction was lacking. Plaintiff has not filed a response to defendants' motion (Dkt. # 34) and the motion is ripe for adjudication.

Plaintiff Air Masters, Inc. (Air Masters) filed this case alleging state law claims of breach of contract and quantum meruit against defendants Cullor Development, LLC, West 7th Apartments, LLC, Apartmentvestors Hotel Fund, LLC, and Apartmentvestors Management, LLC. Dkt. # 2-1. Plaintiff's petition alleges that Air Masters and West 7th Apartments, LLC are entities with their principal place of business in Oklahoma, while the remaining parties are citizens of Kansas and other undisclosed states. Id. at 1-2. Defendants removed the case to this Court on the basis of diversity jurisdiction, even though it was unclear whether the parties were completely diverse, because

defendants West 7th Apartments, LLC, ApartmentVestors Hotel Fund, LLC, and ApartmentVestors Management, LLC were fraudulently joined as parties. Dkt. # 2, at 3. The notice of removal provided no other grounds for the Court to exercise subject matter jurisdiction over this case. Defendants filed motions to dismiss (Dkt. ## 7, 8) arguing that ApartmentVestors Hotel Fund, LLC, ApartmentVestors Management, LLC, and West 7th Apartments, LLC were not responsible for issuing the work order giving rise to plaintiff's claims, and they contended that they were improperly named as parties. Plaintiff filed a motion to remand (Dkt. # 17), but the motion was withdrawn before the Court could rule on the motion. Dkt. ## 26, 27. The Court reviewed the notice of removal and the motions to dismiss, and the Court determined that defendants had not met their burden to establish that plaintiff fraudulently joined a non-diverse party. The Court remanded the case to state court, and defendants now challenge that decision.

Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second

bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court has reviewed the motion to reconsider, and the Court will allow defendants to file an amended notice of removal that more clearly sets forth the basis for removal. By framing their arguments for removal in terms of fraudulent joinder, defendants effectively acknowledged that plaintiff had joined a non-diverse party for the purpose of defeating diversity jurisdiction. Defendants now argue that diversity jurisdiction can be established irrespective of fraudulent joinder, because the citizenship of defendants organized as limited liability companies is determined by the citizenship of the members of the limited liability company. Defendant's motion to reconsider clearly set forth that the individual members of the defendant limited liability companies are completely diverse from plaintiff, and this information should have been provided to the Court in the notice of removal. It appears that defendants can establish that diversity jurisdiction exists without relying on the doctrine of fraudulent joinder, and the Court will vacate its remand order to allow defendants to file an amended notice of removal.

The Court has reviewed the notice of removal and finds that there is no basis for this court to exercise subject matter jurisdiction over this case.

**IT IS THEREFORE ORDERED** that defendants' motion to reconsider and alter or vacate the court's order incorrectly remanding this case (Dkt. # 34) is **granted**, and the Court's prior order remanding this case to state court (Dkt. # 32) is **vacated**.

**IT IS FURTHER ORDERED** that defendants are directed to file an amended notice of removal fully alleging the citizenship of all named defendants no later than **July 27, 2026**, including the citizenship of each member of each LLC.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to reinstate defendants'

motions to dismiss (Dkt. ## 7, 8) as pending motions.

**DATED** this 20th day of July, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE